**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSSAN NG; LIN XIE, | No. 07-74081 |
| Petitioners, | Agency Nos. A098-176-997 |
| | A098-176-996 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, LEAVY, and BYBEE, Circuit Judges.

Sussan Ng and Lin Xie, natives of China and citizens of Australia, petition

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's removal order. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

factual findings, and de novo claims of due process violations, including ineffective assistance of counsel claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that petitioners timely extended or changed their status prior to the expiration of their nonimmigrant visas on June 30, 2005. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted).

The BIA correctly concluded that petitioners' ineffective assistance of counsel claim fails because they have not demonstrated prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

We lack jurisdiction to review petitioners' unexhausted contention that they are entitled to equitable tolling. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

To the extent it is raised, we lack jurisdiction to review the BIA's January 29, 2008, order denying petitioners' motion to reconsider because they failed to

timely petition this court for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**